# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-0882V
### Filed: December 13, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *

KAREN GARRETT,       *

      *

      Petitioner,       *       Damages Decision Based on Proffer;

      *       Influenza ("Flu") Vaccine; Shoulder

v.       *       Injury Related to Vaccine Administration

      *       ("SIRVA"); Special Processing Unit

SECRETARY OF HEALTH       *       ("SPU")

AND HUMAN SERVICES,       *

      *

      Respondent.       *

      *

* * * * * * * * * * * * * * * * * * * * * * * * *

*Michael G. McLaren, Black, McLaren, et al., Memphis, TN, for petitioner.*
*Adriana R. Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 25, 2016, Karen Garrett ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury as a result of an influenza ("flu") vaccination received on September 25, 2015. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On November 10, 2016, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On December 9, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $98,000.00. Proffer at 1. In the Proffer, respondent represents that petitioner agrees with the proffered award. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $98,000.00 in the form of a check payable to petitioner, Karen Garrett.** This amount accounts for all elements of compensation under § 300aa-15(a) to which petitioner would be entitled.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

KAREN GARRETT,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 16-882v
Chief Special Master Dorsey
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.      Compensation for Vaccine Injury-Related Items

On November 10, 2016, respondent filed a Rule 4(c) Report conceding that petitioner is entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") injury. On the same day, November 10, 2016, the Chief Special Master issued a Ruling on Entitlement adopting respondent's recommendation.

Respondent proffers that based on the evidence of record, petitioner should be awarded $98,000.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### II.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the special master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

1

A lump sum payment of <u>$98,000.00</u> in the form of a check payable to petitioner, Karen Garrett. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

*/s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3677

Dated: <u>December 9, 2016</u>

2